(No. 1041—Claimant awarded $216.23.)

W. J. POTTER AND A. M. POTTER, PARTNERS, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF POTTER BROTHERS, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 10, 1927.*

PROPERTY DAMAGE—*reimbursement. When may be made.* Claimant in this case permitted the use of their scales to weigh a truck, at the request of a State Automobile Investigator, in order for the investigator to determine whether the State law was being violated, whereupon the scales were broken beyond repair: *Held.* Claimant entitled to an award for the damage to the scales.

W. A. BLODGETT, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

It appears from the files in this case that Emerson Fellows, a State automobile investigator, working under the direction of the Secretary of State's office, found a truck on the streets of Morrison, Illinois, which he considered overloaded and,

consequently, he ordered the driver of the truck to drive on the scales of claimants for the purpose of weighing the truck and load. It appears also that claimant, Albert M. Potter, was afraid the truck and load was too heavy for the scales and testified and stated that it would break down the scales, and that Mr. Fellows stated that it wouldn't, although that statement by Mr. Fellows is contradicted. However, there appears to be no question about the truck being driven on the scales and breaking them down beyond repair. It is the opinion of this court that there is a possible question of fact in this case, as it appears that both claimant and Mr. Fellows should be men of good judgment as to weight of trucks and loads and the capacity of scales. There is also another question as to whether or not the scales were in reasonable repair so that it would stand its weighing capacity. However, the scales were broken, as it appears, beyond repair. The attempted weighing was done to determine whether or not a law of the State of Illinois was violated, and it is not reasonable to conclude that the automobile investigator had good reason to believe that the scale would not stand the weight of a truck loaded as shown.

The court is of the opinion, however, that it would not be proper to allow the price of a new scale in face of the fact that the one damaged was in use twelve or thirteen years, and we are of the opinion that the amount suggested by the Attorney General as an allowance, if an allowance was made, namely, $216.23, would be as large an amount as should be allowed.

Therefore it is recommended that claimant be allowed the sum of $216.23.